**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Alfonso C.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General of the United States*; Markwayne Mullin, *Secretary of the Department of Homeland Security*; David J. Venturella, *Acting Director of United States Immigration and Customs Enforcement*; David Easterwood, *Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and Joel Brotte, *Sheriff of Sherburne County Jail*, in their official capacities,

Respondents.

File No. 26-CV-04729 (JMB/DJF)

**ORDER**

---

Alfonso Cruz, Elk River, MN, self-represented.

David W. Fuller and Derek Ganzhorn, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, David J. Venturella, and David Easterwood.

---

This matter is before the Court on Petitioner Alfonso C.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

names Todd Blanche, Markwayne Mullin, David J. Venturella, David Easterwood, and Mike Stasko as Respondents. (*Id.*) For the reasons explained below, the Court grants the Petition.

## FINDINGS OF FACT

1. Alfonso C. is a 30-year-old native and citizen of Mexico. (Pet. at 1; Doc. No. 7-1 at 1.)

2. At some point on or around May 3, 2018, Alfonso C. entered the United States. (Doc. No. 7-1 at 2.) According to Respondents, Alfonso C. was not detained at this time, and no orders of release exist. (Doc. No. 6 at 1.) On May 15, 2018, Alfonso C. was issued a Notice to Appear (NTA). (Doc. No. 7-3 at 1.)

3. On March 13, 2019, Alfonso C. filed an application for lawful permanent resident status (Form I-485). (Doc. No. 7-1 at 2.) On March 18, 2019, Alfonso C. filed a petition for alien relative (Form I-130), which was approved by an immigration judge on August 15, 2019. (*Id.*)

4. On January 23, 2025, an immigration judge administratively closed Alfonso C.'s removal proceedings because "Respondent has an Approved I-130." (Doc. No. 7-5; *see also* Pet. at 1; Doc. No. 7-1 at 2.)

5. Alfonso C. is married and has two minor children. (Doc. No. 7-1 at 3–4.)

6. Alfonso C. has a criminal record. Most recently, Alfonso C. was arrested on October 18, 2026, by officers from the Hutchinson Police Department. (*Id.* at 3.) Alfonso C. was driving with a cancelled license and an open package of cannabis. (*Id.*)

7. At some unknown time on October 19, 2026, Immigration and Customs Enforcement (ICE) agents took Alfonso C. into custody as he was released from Mcleod County Jail. (Pet. at 2.)

8. Also at an unknown time on October 19, 2026, at ICE Detention and Deportation Officer Valdez issued a Form I-200 administrative warrant.[2] (Doc. No. 7-2.)

9. The Form I-200 administrative warrant was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the [Immigration and Nationality Act (INA)] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (*Id.*) Thus, Respondents detained Alfonso C. pursuant to their authority under 8 U.S.C. § 1226.

10. Also at some unknown time on October 19, 2026, someone purported to serve Alfonso C. with the Form I-200. (Doc. No. 7-2; Doc. No. 7-1 at 2.) It cannot be ascertained from the Certificate of Service on the Form I-200 who purported to serve it, as the person's signature is an illegible scribble with no notation of the person's rank, badge number, or title. (Doc. No. 7-2.)

11. After processing, ICE transported Alfonso C. to the Sherburne County Jail where he has been detained ever since. (Pet. at 1.)

---

[2] Although the digital signature bears a time stamp, Respondents provide no additional information regarding the time that the Form I-200 was issued. The form itself shows the following next to the digital signature: "01:12:09-07'00.'" (Doc. No. 7-2.) While this could indicate that the Form I-200 was issued at 1:12 a.m., the notation "-07'00'" would indicate that it was signed by someone using Pacific Standard Time. Absent some explanation from Respondents as to how the Form I-200 is being issued at 1:12 a.m. PST, the Court is unable to determine exactly when and where the Form I-200 was issued.

12. On November 5, 2026, Alfonso C. filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.)

13. On November 5, 2026, the Court ordered Respondents to file a response to the Petition on or before 11:00 a.m. on November 9, 2026. (Doc. No. 4.) The Court expressly ordered that Respondents make an affirmative statement whether Respondents complied "with the Immigration and Nationality Act and accompanying regulations when they took Petitioner into custody." (*Id.*)

14. On November 7, 2026, Respondents filed a timely response to the Petition. (Doc. No. 6.)

**DISCUSSION**

In his Petition, Alfonso C. seeks immediate release, arguing that his detention violates the requirements of the INA and accompanying regulations. In response to the Petition, Respondents argue that Alfonso C. was detained pursuant to a valid warrant and that the detention of Alfonso C. comports with the terms of 8 U.S.C. § 1225(b)(2). For the reasons set forth below, the Court grants the Petition.

**A. Right to Habeas Relief**

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring

that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B. Inapplicability of 8 U.S.C. § 1225**

It is an undisputed matter of fact that Respondents detained Alfonso C. pursuant to their discretionary authority under 8 U.S.C. § 1226. The Form I-200 was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the [INA] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. No. 8-2.) In response to the Petition, however, Respondents advance a different basis for the detention of Alfonso C.: 8 U.S.C. § 1225(b)(2)(A), as interpreted by *Avila v. Bondi*, 170 F.4th 1128, 1133–35 (8th Cir. 2026) (concluding that section 1225(b)(2) requires the mandatory detention noncitizens, without any individualized determination and regardless of whether the noncitizen is encountered at the border at the time of entry or in the interior of the United States months, years, or decades after entry); *But see Lopez Garcia v. Guadian*, 190 F.4th 305 (4th Cir. 2026) (observing that Respondents' interpretation permits "[m]ass detention of marginalized individuals without due process" and "harkens back to some of the darkest moments in our country's history," when the judiciary "abdicat[ed] of its obligation to protect basic freedoms" and citing similar holdings from the First, Second, Third, Sixth, Seventh, Ninth,

Tenth, and Eleventh Circuits); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1180, No. 25-6842, 2026 WL 2196424, at *9, 16 (9th Cir. July 30, 2026) (rejecting Respondents' "new interpretation" as inconsistent with "the assertedly unambiguous language of the statute" and because "it raises various textual and interpretive problems").

This Court concludes that Respondents cannot now change the basis for the detention of Alfonso C. He was detained under section 1226 alone, and Respondents advance no legal argument to support the proposition that they can alter this fact through filing of their written responsive submissions. Thus, just as it is stated on the Form I-200 on which Alfonso C.'s detention is based, the Court concludes that the Respondents detained Alfonso C. pursuant to the framework of 8 U.S.C. § 1226. *See, e.g.*, *Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026 WL 1329577, at *2 (D. Minn. May 13, 2026) (rejecting respondents' contention that petitioner was subject to mandatory detention under section 1225(b) where Form I-200 warrant served during petitioner's arrest represented that detention was pursuant to section 1226); *Hector J.A.S. v. Shea*, No. 26-CV-2242 (JRT/DLM), 2026 WL 1243500, at *2 (D. Minn. May 6, 2026) (same); *see also Espinoza Avalos*, No. 8:26-CV-0191, 2026 WL 1396593, at *1–3 (D. Neb. May 19, 2026).

**C. Violation of Applicable Regulatory and Statutory Requirements**

Having determined that Respondents have detained Alfonso C. pursuant to 8 U.S.C. § 1226, the Court considers Alfonso C.'s argument whether he was brought into custody pursuant to a valid warrant or pursuant to an authorized warrantless detention.[3] For the

[3] Although the Court ordered Respondents to address whether the detention of Alfonso C. complied with the INA and accompanying regulations (Doc. No. 5), Respondents make

reasons discussed below, the Court concludes that Alfonso C. was not brought into custody pursuant to a valid warrant or an authorized warrantless detention.

Under the INA and supporting regulations, agents may detain a non-citizen either on a valid warrant or in accordance with applicable warrantless detention procedures. 8 U.S.C. § 1357; 8 C.F.R. § 287.8(c)(2)(ii); *see also Venancio P.J. v. Blanche*, No. 26-CV-2740 (ECT/JFD), 2026 WL 1862252, at *2 (D. Minn. June 29, 2026). DHS's "general procedures" for all "enforcement activities," including for the "conduct of arrests," requires that "[a] warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2)(ii). Here, Respondents violated applicable regulatory and statutory requirements in the following respects.

First, the warrant is invalid because the serving officer cannot be identified. A Form I-200 administrative warrant—like the form under which authority Respondents took Alfonso C. into custody (Doc. No. 8-2)—is to be "issued only by those immigration officers listed in [section] 287.5(e)(2) . . . and may be served only by those immigration officers listed in [section] 287.5(e)(3)." 8 C.F.R. § 236.1(b)(1). Thus, DHS may detain a non-citizen using Form I-200 only if the Form I-200 indicates who the issuing and the serving immigration officers are. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1); *Tanneh W.S. v. Blanche*, No. 26-CV-2775 (LMP/EMB), 2026 WL 1801140, at *3 (D. Minn. June

no argument that they complied with 8 C.F.R. §§ 236.1(b)(1) or 287.8. Because the facts underlying these violations are not contested, the Court grants the Petition.

23, 2026) (holding that a Form I-200 warrant was valid when both the issuing and serving officers' information verified them as deportation officers). This is because only immigration officers are "authorized to issue warrants of arrest under the relevant regulation." *Fernando C.C. v. Bondi*, No. 26-CV-1235 (LMP/JFD), 2026 WL 446408, at *5 (D. Minn. Feb. 17, 2026). Here, Respondents did not establish that they satisfied the second requirement of 8 C.F.R. § 236.1(b)(1). Though the record presented establishes that the Form I-200 warrant was issued by SDDO Valdez, it was served by an individual identified only by an illegible scribble, with no indication of their badge number, rank, or title. (*See* Doc. No. 7-2.) *Cf. Fernando C.C.*, 2026 WL 446408, at *5. Thus, Respondents violated 8 C.F.R. § 236.1(b)(1), and the warrant is invalid.

Second, Respondents did not comply with the requirements of section 287.8(c)(2)(iii). That regulation provides that, "[a]t the time of the arrest," the detaining officers must do the following two things: "(A) [i]dentify himself or herself as an immigration officer who is authorized to execute an arrest; and (B) [s]tate that the person is under arrest and the reason for the arrest." *Id.* § 287.8(c)(2)(iii). There is no evidence that any officer identified themselves to Alfonso C. or informed Alfonso C. that he "[wa]s under arrest and the reason for the arrest," as required by regulation. *See id.* § (c)(2)(iii). Absent any evidence that officers identified themselves to Alfonso C. and informed Alfonso C. of the reason for his detention, the Court concludes that Respondents violated the plain requirements of 8 C.F.R. § 287.8(c)(2)(iii).

Under the INA, absent a valid warrant (as here), Respondents may take a person into custody if there is probable cause "to believe that the [noncitizen] so arrested is [1] in

violation of any[] law or regulation [made in pursuance of law regulating the admission, exclusion, expulsion, or removal of noncitizens] and [2] is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2); *see also* 8 C.F.R. § 287.8 (c)(2)(ii) (stating that a warrant "shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained"); *U.S. v. Diaz-Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010) (concluding that the phrase "reason to believe" in section 1357(a)(2) means "constitutionally required probable cause"). Here, Respondents make no argument whatsoever that officers satisfied the second prong of section 1357(a). (Doc. No. 6 at 3.) Absent any argument, the Court necessarily concludes that Respondents have not established that at the time they initiated the detention, officers had probable cause to believe Alfonso C. was likely to escape.[4] The record presented in this case does not purport to establish that Alfonso C. was not cooperative with detaining agents or that at any point, he tried to flee. (*See* Doc. No. 7-1.) Thus, the Court concludes that Respondents violated section 1357(a)(2).

For each of these independent reasons, the detention of Alfonso C. is unlawful and immediate release is the appropriate remedy. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also, e.g.*, *Felix Alberto J.M. v. Blanche*, No. 26-CV-2944 (LMP/DLM), 2026 WL 1906596, at *5 (D. Minn. July 2, 2026) (concluding

---

[4] Given the conclusion that Respondents have not established the second prong of section 1357(a)(2), the Court need not determine whether Respondents established the first prong of this section.

Respondents' detention of petitioner was invalid warrantless detention and petitioner was entitled to remedy of release); *Venancio P.J.*, 2026 WL 1862252, at *3 (same); *Hector J.A.S.*, 2026 WL 1243500, at *2 (ordering release of petitioner where respondents did not issue NTA until booking, well after taking the petitioner into custody); *Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" when a person is taken into custody without a valid administrative warrant); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (ordering release because the Form I-200 was invalid); *Claudio A.A. v. Bondi*, No. 26-CV-742 (KMM/LIB), 2026 WL 468232, at *7 (D. Minn. Feb. 12, 2026) (concluding that failure to provide a warrant before taking a person into pursuant to section § 1226(a) is a violation of due process rights and collecting cases), *report and recommendation adopted*, No. 26-CV-742 (KMM/LIB), 2026 WL 478347 (D. Minn. Feb. 18, 2026); *Carlos F.P.P v. Blanche*, No. 26-CV-3123 (JWB/JFD), 2026 WL 2824801, at *7 (D. Minn. Sep. 21, 2026) (ordering release after finding that respondents did not follow § 1357 requirements of warrantless detention and § 1225 did not "independently authorize continuation of [petitioner's] custody").

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Alfonso C. immediately, without conditions, and in any event no later than 4:00 p.m. CT on November 10, 2026.

2. On or before 11:00 a.m. CT on November 11, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Alfonso C.

3. On or before 11:00 a.m. CT on November 11, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4. Petitioner Alfonso C. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5. To the extent Petitioner Alfonso C. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 9, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court